IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON CARGILE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 19-239 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SUPERINTENDENT ROBERT GILMORE; | ) | Re: ECF No. 4 |
| THE DISTRICT ATTORNEY OF | ) | |
| ALLEGHENY COUNTY; *and* | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**[1]

For the reasons that follow, this case will be dismissed without prejudice due to Petitioner's failure to prosecute. A certificate of appealability will be denied.

Petitioner Brandon Cargile ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Petitioner submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), which was received by this Court on March 6, 2019. ECF No. 1-1.

On June 17, 2019, this case was stayed on Petitioner's motion while he sought to exhaust the remedies available to him in state court. ECF Nos. 10 and 12. Petitioner was ordered to move to reopen within 60 days after the completion of his state court proceedings. ECF No. 12. On January 11, 2024, Respondents filed notice that Petitioner's appeal with the Pennsylvania Superior Court was denied on August 4, 2022, and that Petitioner had not sought leave to appeal from the Pennsylvania Supreme Court. ECF No. 14.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge on June 18, 2019. ECF Nos. 11 and 13.

1

In light of Petitioner's failure to comply with the Order of June 17, 2019, this Court issued an Order to Show Cause why this case should not be dismissed on January 16, 2024. ECF No. 15. A copy was mailed to Petitioner's address of record on the same date. Id. The deadline to respond to that order was February 16, 2024. Id. at 2. As of this date, Petitioner has failed to respond to the Order to Show Cause, or to comply with the Order of June 17, 2019.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a litigant's failure to prosecute or to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Application of the Poulis factors is appropriate in the context of habeas cases as well as to civil rights actions. Harlacher v. Pennsylvania, 3:CV-10-0267, 2010 WL 1462494, at *3 (M.D. Pa. Mar. 12, 2010), *report and recommendation adopted*, CIV.A 3:CV-

10-0267, 2010 WL 1445552 (M.D. Pa. Apr. 9, 2010) (applying Poulis to a habeas case). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility

Petitioner is proceeding in this matter *pro se*, and is alone responsible for prosecuting this case and complying with orders of this Court.

(2) Prejudice to the adversary

Respondents have answered the Petition, and have been waiting for more than two years – since Petitioner's state proceedings completed on June 14, 2022 – for Petitioner to move to reopen this case. Petitioner's refusal to reopen this case in a timely manner weighs in favor of a finding of prejudice.

(3) A history of dilatoriness

Petitioner has failed comply with Order from June 17, 2019, ECF No. 12, and to respond to the Order to Show Cause from January 16, 2024, ECF No. 15. This is sufficient evidence, in this Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely manner.

(4) Whether the party's conduct was willful or in bad faith

There is no indication on the record that Petitioner's conduct is the result of any "excusable neglect," Poulis, *supra*. The conclusion that Petitioner's failure is willful is inescapable.

(5) Alternative sanctions

Petitioner currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees likely would be an effective sanction.

3

(6) Meritoriousness of the case

The Petitioner has failed to reopen the case following the conclusion of the state court proceedings. Thus, the Court does not have a basis to evaluate the potential merit of the Petitioner's claims. The Court therefore considers this factor to be neutral.

Because at least five of the six Poulis factors weigh in favor of dismissal, dismissal is appropriate under Rule 41(b) for failure to prosecute.

A certificate of appealability – to the extent that one is necessary – will be denied, because jurists of reason would not find the foregoing debatable. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate Order will follow.

Dated: February 24, 2025

BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Brandon Cargile
LV-0673
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record (*via* CM/ECF)

4